UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------X

ELADIO LOPEZ,                                                    Civil Action No.
on behalf of himself and all others
similarly situated

                              Plaintiffs,              **CLASS ACTION
                                                       COMPLAINT**
        v.
                                                       **NO JURY TRIAL DEMANDED**

LOCKHART, MORRIS & MONTGOMERY
INC., and JOHN AND JANE DOES
NUMBERS 1 THROUGH 25,


                              Defendants.
-----------------------------------------------------X


        Plaintiff, by and through his counsel, Law Offices of Gus Michael Farinella, PC,

as and for his complaint against Defendants, on behalf of himself and pursuant to Rule 23

of the Federal Rules of Civil Procedure all others similarly situated, alleges as follows:


## INTRODUCTION

1.  Eladio Lopez ("Plaintiff"), on his own behalf and on behalf of the class he seeks to

    represent, brings this action to secure redress for the illegal practices of Lockhart, Morris

    & Montgomery, Inc. ("Defendant" or "LMM"), who used harassing, oppressive, and

    abusive, as well as deceptive, misleading, and other illegal practices, in connection with

    their attempts to collect alleged debts from Plaintiff and others similarly situated.

2.  Plaintiff alleges that LMM's collection practices violated the Fair Debt Collection

    Practices Act, 15 U.S.C. §1692 *et seq*. ("FDCPA").

3. The FDCPA broadly prohibits conduct which harasses, oppresses or abuses any debtor; any false, deceptive or misleading statements made in connection with the collection of a debt; unfair or unconscionable collection methods; and requires certain disclosures. *See* 15 U.S.C. §§1692d, 1692e, 1692f and 1692g.

4. To prohibit deceptive practices, the FDCPA, at 15 U.S.C. §1692d, provides that a debt collector may not engage in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt and enumerates a non-exhaustive list of certain per se violations of harassing and abusive collection conduct. *See* 15 U.S.C. §1692d(1)-(6).

5. Among these per se violations is the placement of telephone calls without meaningful disclosure of the caller's identity. *See* 15 U.S.C. §1692d(6).

6. To prohibit deceptive practices, the FDCPA, at 15 U.S.C. §1692e, provides that a debt collector may not use any false, deceptive, or misleading representations or means in connection with the collection of any debt and enumerates a non-exhaustive list of certain per se violations of false, deceptive or misleading representations or means. *See* 15 U.S.C. §1692e(1)-(16).

7. Among these per se violations is the failure by a debt collector to disclose in communications, that the communication is from a debt collector. *See* 15 U.S.C. §1692e(11).

8. The FDCPA is a strict liability statute which provides for actual or statutory damages upon the showing of a single violation. *See* Bentley v Great Lakes Collection Bureau, 6 F.3d 60, 62-63 (2d Cir. 1993).

9. The Second Circuit has held that whether a debt collector's conduct violates the FDCPA should be judged from the standpoint of the "least sophisticated consumer." <u>Clomon v. Jackson</u>, 988 F.2d 1314, 1318 (2d Cir. 1993).

## JURISDICTION AND VENUE

10. This Court has jurisdiction over this FDCPA claim pursuant to 15 U.S.C. §1692k(d) and 28 U.S.C. §1331.

11. Venue and personal jurisdiction in this District are proper because:

   a. The acts giving rise to this lawsuit occurred within this District; and

   b. Defendant does business within this District.

## PARTIES

12. Plaintiff, Eladio Lopez, is an individual natural person who resides in the City of New York, County of Bronx, State of New York.

13. Plaintiff is a "consumer" as that term is defined by 15 U.S.C. § 1692(a)(3).

14. Lockhart, Morris & Montgomery, Inc., is a corporation with offices located at 1401 N. Central Expressway, Suite 201 Richardson, TX 75080.

15. The principal purpose of LMM is the collection of debts using the mail and telephone.

16. LMM regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another.

17. LMM is a "debt collector" as that term is defined by 15 U.S.C. §1692a(6).

18. Defendants, JOHN AND JANE DOES NUMBERS 1 THROUGH 25, are sued under fictitious names as their true names and capacities are yet unknown to Plaintiff. Plaintiff

will amend this complaint by inserting the true names and capacities of those DOE

defendants once they are ascertained.

19. The Plaintiff is informed and believes, and on that basis alleges, that Defendants, JOHN

AND JANE DOES NUMBERS 1 THROUGH 25, are natural persons and/or business

entities all of whom reside or are located within the United States who personally created,

developed, instituted and with knowledge that such practices were contrary to law, acted

consistent with and oversaw policies and procedures used by the employees of LMM that

are the subject of this Complaint. Those Defendants personally control, and benefit from,

the illegal acts, polices and practices utilized by LMM and, therefore, are personally

liable for all of the wrongdoing alleged in this Complaint.


## FACTS

20. On or about February 1, 2007, Plaintiff allegedly incurred a debt to Atlas Financial

Group, LLC (the "Debt").

21. The Debt arose out of a transaction in which the money, property, insurance or services

which are the subject of the transaction are primarily for personal, family or household

purposes.

22. LMM contends that Plaintiff defaulted on the Debt.

23. The Debt owed to Atlas Financial Group, LLC is a "debt" as defined by 15 U.S.C.

§1692a(5).

24. Sometime after the incurrence of the Debt, but before the initiation of this action, Plaintiff

was alleged to have fallen behind on payments allegedly owed on the alleged Debt.

25. At a time known only to Defendant, Plaintiff's alleged Debt was placed with Defendant for collection by Plaintiff's creditor.

26. As more particularly set forth *infra* at Paragraphs 27-32, within the one year immediately preceding the filing of this Complaint, LMM, in an attempt to collect the Debt, placed telephone calls to Plaintiff and left telephonic voice messages on his cellular voicemail system (the "Lopez Messages").

27. On May 12, 2016, being within one year immediately preceding the filing of this Complaint, Plaintiff received the following message on his cellular voicemail system, which could only be left by dialing his cellular telephone number, the voice message is transcribed as follows:

> "Hi this message is for Eladio Lopez, my name is Steve Paxton, I have a claim that came across my desk with your name on it Mr. Lopez. My number here is 877-214-3355 my extension is 111. I need you to call me back regarding this matter as soon as possible. Again that number 877-214-3355 and my direct extension is 111.

28. On May 25, 2016, being within one year immediately preceding the filing of this Complaint, Plaintiff received the following message on his cellular voicemail system, which could only be left by dialing his cellular telephone number, the voice message is transcribed as follows:

> "This message is for Eladio Lopez, my name is Steve Paxton, I am following up on a phone call and voice message I left a couple of weeks ago. I strongly encourage you to return my phone call, my number here is 877-214-3355 my direct extension is 111.

29. On June 20, 2016, being within one year immediately preceding the filing of this Complaint, Plaintiff received the following message on his cellular voicemail system, which could only be left by dialing his cellular telephone number, the voice message is transcribed as follows:

"This message is for Eladio Lopez, Steve Paxton here, give me a call back regarding this claim I have in my office. Mr. Lopez I need a call back on this I've left several messages not sure what the hesitation is in calling me back. At this point I strongly encourage you to call me back directly. Your best bet would be to do so at your earliest convenience. My name is Steven Paxton and the number I can be reached at is 877-214-3355 my direct extension is 111.

30. On June 29, 2016, being within one year immediately preceding the filing of this

Complaint, Plaintiff received the following message on his cellular voicemail system,

which could only be left by dialing his cellular telephone number, the voice message is

transcribed as follows:

Hi this message is for Eladio Lopez, my name is Steve Paxton, I have a claim here mentioning your name. Need a call back on this sir, 877-214-3355 my extension is 111. I need you to call me back regarding this matter as soon as possible.

31. On June 30, 2016, being within one year immediately preceding the filing of this

Complaint, Plaintiff received the following message on his cellular voicemail system,

which could only be left by dialing his cellular telephone number, the voice message is

transcribed as follows:

"Hi this message is for Eladio Lopez, my name is Steve Paxton, I've been trying to reach you for quite some time now Mr. Lopez. I need a call back on this, I have a claim here in my office mentioning your name sir. Very important you get in contact with me, time sensitive matter. My telephone number Mr. Lopez is 877-214-3355 my extension is 111. I need you to give me a call back as soon as possible.

32. On July 6, 2016, being within one year immediately preceding the filing of this

Complaint, Plaintiff received the following message on his cellular voicemail system,

which could only be left by dialing his cellular telephone number, the voice message is

transcribed as follows:

"Hi this message is for Eladio Lopez, my name is Steve Paxton, calling in reference to an account I have here in my office. Need a call back sir on this, 877-214-3355 extension 111.

33. The Lopez Messages were left by persons employed as debt collectors by LMM in connection with the collection of the Debt.

34. The Lopez Messages were left for the purpose of attempting to collect the Debt.

35. The Lopez Messages were left by debt collectors and intended to be received by a consumer whom LMM assumed to be responsible for the debt LMM sought to collect.

36. The telephone number 877-214-3355 is answered by persons who are employed by LMM as "debt collectors" as defined by 15 U.S.C. §1692a(6).

37. Each and every one of the Lopez Messages transcribed in Paragraph 27-32 are a "communication" as that term is defined by 15 U.S.C. §1692a(2).

38. At the time Plaintiff received the Lopez Messages, he did not know anyone named Steve Paxton.

39. At the time Plaintiff received the Lopez Messages, he did not know the identity of caller.

40. At the time Plaintiff received the Lopez Messages, he did not know the identity of the company that Steve Paxton was calling on behalf of.

41. At the time Plaintiff received the Lopez Messages, he did not know that the caller was a debt collector.

42. The only way for Plaintiff and/or a least sophisticated consumer to obtain the identity of the caller leaving the Lopez Messages, and to ascertain the purpose underlying the Lopez Messages, is to place a return call to the telephone number provided in the Lopez Messages and speak with a debt collector employed by LMM, and then provide that debt collector with personal information.

43. LMM intended that the Lopez Messages have the effect of causing Plaintiff and other similarly situated least sophisticated consumers to place return calls to the telephone

number provided in the Lopez Messages and speak with its debt collectors as the sole means of obtaining the identity of the caller leaving the Lopez Messages, and to ascertain the purpose underlying the Lopez Messages.

44. At all times relevant to this action, LMM was aware that it was legally required to disclose in its telephonic voice messages left for consumers, such as the Lopez Messages, that the call is from a debt collector.

45. At all times relevant to this action, LMM willfully, deliberately, and intentionally chose not to disclose in its telephonic voice messages left for Plaintiff and other similarly situated consumers, such as in the Lopez Messages, that the call is from a debt collector.

46. At all times relevant to this action, LMM was aware that it was legally required to provide meaningful identification of itself in telephonic voice messages left for consumers, such as the Lopez Messages.

47. At all times relevant to this action, LMM willfully, deliberately, and intentionally chose not to provide meaningful identification of itself in telephonic voice messages left for Plaintiff and other similarly situated consumers, such as in the Lopez Messages.

## CLAIM FOR RELIEF

## COUNT I

## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

## 15 U.S.C. §1692, et seq.

48. Plaintiff incorporates by reference all the above paragraphs of this Complaint as though fully stated herein.

49. Both of the voicemails transcribed in Paragraphs 27-32 violate 15 U.S.C. §§1692, §1692(d)(6), and §1692(e)(11).

50. LMM violated the FDCPA. LMM's violations with respect the Lopez Messages

transcribed in Paragraphs 27-32 include but are not limited to, the following:

    a.  Placing telephone calls and leaving voice messages without providing meaningful

        disclosure of LMM's identity as the caller in violation of 15 U.S.C. §1692(d)(6);

        and

    b.  Failing to disclose in all oral communications that LMM is a debt collector in

        violation of 15 U.S.C. §1692(e)(11).

51. Section 1692d provides:

**§1692d.**        **Harassment or abuse**

A debt collector may not engage in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:

        (6) The placement of telephone calls without meaningful disclosure of the caller's identity.

52. LMM violated 15 U.S.C. §1692d(6) because the Lopez Messages did not state that the

calls were coming from LMM and provided no other meaningful disclosure that the calls

were coming from LMM.

53. Plaintiff was unaware from listening to the Lopez Messages that the Lopez Messages

were left by LMM or persons working for LMM.

54. Section 1692e provides:

**§1692e.**    **False or Misleading Representations**

A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt.  Without limiting the general application of the foregoing, the following conduct is a violation of this section:.....

(11)   The failure to disclose in the initial written communication with the consumer and, in addition, if the initial communication with the consumer is oral, in that initial oral

communication, that the debt collector is attempting to collect a debt and that any information obtained will be used for that purpose, and the failure to disclose in subsequent communications that the communication is from a debt collector, except that this paragraph shall not apply to a formal pleading made in connection with a legal action.

55. LMM violated 15 U.S.C. §1692e(11) because the Lopez Messages did not disclose that the communications were from a debt collector.

56. The Lopez Messages were harassing, oppressive, and/or abusive collection conduct insofar as LMM failed to give meaningful disclosure of its identity.

57. The Lopez Messages were false, deceptive, and/or misleading insofar as LMM failed to disclose that it was a debt collector.

58. Be reason thereof, Defendant is liable to Plaintiff and the proposed class for judgment that Defendant's conduct violated 15 U.S.C. §1692d(6) and 15 U.S.C. §1692e(11) and for statutory damages costs and attorneys' fees pursuant to 15 U.S.C. §1692k.

## POLICIES AND PRACTICES COMPLAINED OF

59. The Lopez Messages transcribed in Paragraphs 27-32 are substantially similar to each other.

60. The fact that the Lopez Messages are substantially similar to each other in that none of the Lopez Messages state the call is coming from Lockhart, Morris & Montgomery, Inc. and none of the Lopez Messages state that the call is coming from a debt collector is generally not by accident and when left by live persons is done as part of a script given to employees to follow when leaving a message.

61. It is inferred and Plaintiff so alleges that, at all times relevant to this Complaint, it is or was LMM's policy and practice to leave telephonic voice messages, which are similar to

the Lopez Messages transcribed in Paragraphs 27-32, for consumers and other persons like Plaintiff throughout the State of New York.

62. Such messages, like the Lopez Messages left for Plaintiff, violate the FDCPA by uniformly failing to:

    a.  Provide meaningful disclosure of LMM's identity as the caller; and

    b.  Disclose that the communication was from a debt collector.

63. Such policy and practice is in violation of 15 U.S.C. §1692(d)(6) and 15 U.S.C. §1692e(11).

64. Upon information and belief, LMM's uniform policy and practice of leaving scripted telephonic voice messages ensures that everyone will receive a similar message to the Lopez Messages, each of which fails to provide meaning disclosure of LMM's identify as the caller and fails to disclose that the communication is from a debt collector.

65. Based on LMM's uniform policy and practice, Plaintiff reasonably believes and alleges that such messages were left for hundreds of consumers throughout the State of New York.

## CLASS ALLEGATIONS

66. This action is brought as a class action. Plaintiff brings this action on behalf of himself and on behalf of all others persons similarly situated pursuant to Rule 23 of the Federal Rules of Civil Procedure.

67. The class consists (a) of all persons in the State of New York (b) for whom Lockhart, Morris & Montgomery Inc. left a telephonic voice message in the form of the Lopez Messages (c) that failed to identify Lockhart, Morris & Montgomery, Inc. as the caller and/or failed to disclose that the communication was from a debt collector (d) made in

connection with Defendant's attempt to collect a debt (e) on or after a date one year prior to the filing of this action and on or before a date 20 days after the filing of this action.

68. The proposed class specifically excludes the United States of America, the states of the Second Circuit, counsel for the parties, the presiding United States District Court Judge, the Judges of the United States Court of Appeals for the Second Circuit and the United States Supreme Court, and all officers and agents of Defendant.

69. This action has been brought, and may properly be maintained, as a class action pursuant to the provisions of Rule 23 of the Federal Rules of Civil Procedure because there is a well-defined community interest in the litigation:

   a. **<u>Numerosity</u>**: Plaintiff is informed and believes and on that basis alleges that the class defined above is so numerous that joinder of all members would be impracticable. Upon information and belief, there are at least 40 members of the class. The exact number of members of the class is unknown to Plaintiff at this time and can be ascertained only through appropriate discovery. The class is ascertainable in that the names and addresses of all class members can be identified in business records maintained by Defendant.

   b. **<u>Common Questions Predominate</u>**:  There exists a well-defined community of interest in the questions of law and fact involved that affect the parties to be represented. These common questions of law and fact predominate over questions that may affect individual class members. Such issues include, but are not limited to: (a) The existence of Defendant's identical conduct particular to the matter at issue; (b) whether the LMM's telephonic voice messages, such as the Lopez Messages transcribed in Paragraphs 27-32 of this Complaint, violated 15 U.S.C.

§1692d(6) and/or 15 U.S.C. §1692e(11) (c) The availability of statutory penalties; and (d) Attorneys' fees and costs. There are questions of law and fact common to Plaintiff and the class, which common issues predominate over any issues involving only individual class members.

c. **Typicality**: Plaintiff's claims are typical of those of the class they seek to represent. The claims of Plaintiff and each class member originate from the same conduct, practice, and procedure, on the part of Defendant. Thus, if brought and prosecuted individually, the claims of each class member would require proof of the same material and substantive facts. Plaintiff possesses the same interests and has suffered the same injuries as each class member. Plaintiff asserts identical claims and seeks identical relief on behalf of the unnamed class members.

d. **Adequacy**: Plaintiff will fairly and adequately protect the interests of the absent class members and has no interest adverse to or which directly and irrevocably conflicts with the interests of other members of the class. Plaintiff is willing and prepared to serve this Court and the proposed class. The interests of the Plaintiff are co-extensive with and not antagonistic to those of the absent class members. Plaintiff has retained the services of counsel who are experienced in FDCPA litigation and will adequately prosecute this action, and will assert, protect and otherwise represent Plaintiff and all absent class members. Neither Plaintiff, nor their counsel, have any interests which might cause them to not vigorously pursue the instant class action lawsuit.

e. **Superiority**: A class action is superior to the other available means for the fair and efficient adjudication of this controversy because individual joinder of all

class members would be impracticable. Class action treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum efficiently and without unnecessary duplication of effort and expense that individual actions would engender.

70. Certification of a class under Rule 23(b)(3) of the Federal Rules of Civil Procedure is appropriate in that the questions of law and fact common to members of the class predominate over any questions affecting any individual member, and a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

71. A class action is superior for the fair and efficient adjudication of this matter in that:

a. Individual actions are not economically feasible;

b. Members of the class are likely to be unaware of their rights; and

c. Congress intended class actions to be the principal enforcement mechanism under the FDCPA.

**WHEREFORE**, the Court should enter judgment in favor of Plaintiff and the class and against Defendant for:

1. An order certifying that Count I may be maintained as a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure and appointing Plaintiff and the undersigned counsel to represent the class as previously set forth and defined above;

2. Adjudging that LMM violated 15 U.S.C. §§1692d, 1692d(6), 1692e and 1692e(11);

3. An award of statutory damages for Eladio Lopez and the class pursuant to 15 U.S.C. §1692k;

14

4.   Attorneys' fees, litigation expenses, and costs of suit pursuant to 15 U.S.C.

§1692k; and

5.   Such other and further relief as the Court deems proper.

Dated:  Floral Park, New York
        May 5, 2017

                                        THE PLAINTIFF

                                        /s/ Ryan Gentile
                                By:_____
                                        Ryan Gentile, Esq.
                                        Law Offices of Gus Michael Farinella PC
                                        *Attorney for Plaintiff*
                                        110 Jericho Turnpike – Suite 100
                                        Floral Park, NY 11001
                                        Tel: (212) 675-6161
                                        Fax: (212) 675-4367
                                        rlg@lawgmf.com


**<u>NOTICE OF ASSIGNMENT</u>**

Please be advised that all rights relating to attorneys' fees have been assigned to counsel.

                                The Law Offices of Gus Michael Farinella, PC

                                        /s/ Ryan Gentile
                                By:_____
                                        Ryan Gentile